IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL FREEMAN,
      Petitioner,

v.                             Case No.  3:12cv319/MCR/CJK

STATE OF FLORIDA DEPARTMENT
OF CORRECTIONS,
      Respondent.

_____

## REPORT AND RECOMMENDATION

This cause is before the Court upon petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that the petition is an unauthorized "second or successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A), and that this case should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted in 1999 of lewd or lascivious molestation of a child (in addition to other crimes) in the Circuit Court for Escambia County, Florida. (Doc. 1, p. 1).  Petitioner was sentenced to thirty years imprisonment and is currently serving that sentence at Holmes Correctional Institution.  (*Id*.) Petitioner challenges his judgment of conviction on the grounds that there was insufficient evidence to

support his conviction for lewd or lascivious molestation, and that he has newly discovered evidence relating to that conviction. (*Id.*, p. 4). On April 23, 2003, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court, challenging his lewd or lascivious molestation conviction (as well as his other convictions) arising from the 1999 judgment, on various grounds. (*See Freeman v. Whitehurst*, Case Number 3:03cv156/RV/MD). The Court denied the petition on the merits on March 16, 2004. (*Id.*, Docs. 12, 13). Petitioner sought to appeal, but was denied a certificate of appealability. (*Id.*, Docs. 17, 36). The instant petition followed. (Doc. 1).

Petitioner was asked on the petition form whether he previously filed a § 2254 petition in any federal court regarding the validity of his state court confinement. Petitioner responded, "N/A." (*Id.*, p. 3). By order dated July 2, 2012, the Court reminded petitioner of his previous § 2254 proceeding, and directed petitioner to show cause why this case should not be dismissed by filing a copy of the Eleventh Circuit's order authorizing him to file a second or successive § 2254 petition. (Doc. 4). Petitioner was warned that failure to comply with the order would result in a recommendation that this case be dismissed. Petitioner sought an extension of time to comply with the order, asserting that he needed more time to prepare and submit the appropriate application to the Eleventh Circuit. (Doc. 5). The Court denied an extension, advising petitioner that he was required to obtain the Eleventh Circuit's authorization <u>before</u> filing his habeas petition. (Doc. 6). To date, petitioner has not complied with the show cause order.

DISCUSSION

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases (2011) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain order authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same). The instant petition is a second or successive habeas corpus application. It is apparent from petitioner's failure to submit an Eleventh Circuit authorization order, and from petitioner's assertions in his motion for extension of time, that petitioner has not obtained the requisite authorization from the Eleventh Circuit. The petition should therefore be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.   That petitioner's habeas corpus petition (doc. 1) be DISMISSED WITHOUT PREJUDICE as an unauthorized second or successive habeas corpus application.

2.  That the clerk be directed to close the file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

3.  That all pending motions be DENIED AS MOOT.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 18th day of September, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).